IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL KOKOSKI | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv591 |
| JOHN FOX | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Michael Kokoski, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Discussion

Petitioner filed this petition seeking release from custody based on the alleged denial of due process during the revocation of his supervised release in the United States District Court for the Southern District of Ohio.  Petitioner claims he was denied the right to confront and cross-examine witnesses, was not permitted to call any witnesses on his own behalf, and was denied the right to a neutral and detached hearing body.

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion.  *Id.* at 877-78.  However, there is one exception to this general rule.  A prisoner may use Section 2241 as the vehicle

for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver*, 211 F.3d at 877. Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). As petitioner attacks alleged errors occurring during the revocation of his supervised release, his filing should be construed as a motion to vacate, set aside or correct sentence. However, because petitioner was convicted in the United States District Court for the Southern District of Ohio, this court lacks jurisdiction to entertain a § 2255 motion.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Here, petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255. Additionally, petitioner makes clear in his previous objections that he is challenging the actions of "the supervising tribunal which reimprisoned him without due process of law." Petitioner's Objections at 2 (docket entry no. 10). Petitioner is not challenging the manner in which the Bureau of Prisons is executing his sentence. Instead, he is challenging the action of the Ohio court in revoking his term of supervised release. As this court is without jurisdiction to entertain such claims, the current filing should be transferred to the Ohio court so petitioner will not be prejudiced with respect to limitations issues concerning the filing of his claims.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner was convicted rather than dismissed for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 5th day of March, 2012.

_____
Zack Hawthorn
United States Magistrate Judge